**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION and AIRLINE PROFESSIONALS ASSOC. OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224,<br><br>          Plaintiffs,<br><br>     v.<br><br>ATLAS AIR, INC.,<br><br>          Defendant. | Civil Action No. 1:19-cv-02723-CRC |

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Atlas Air, Inc. ("Atlas") moves for an order dismissing the Complaint and Petition to Vacate Arbitration Award filed by Plaintiffs International Brotherhood of Teamsters, Airline Division and the Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 (collectively, the "IBT") for failure to state a claim.

The Atlas Air System Board of Adjustment ("System Board"), chaired by neutral arbitrator George Nicolau and convened pursuant to the mandate of the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* ("RLA"), granted a grievance filed by Atlas challenging the refusal of the IBT to abide by the Atlas collective bargaining agreements ("Atlas CBA") merger provisions following a merger between Atlas and an affiliated air carrier, Southern Air Inc. ("Southern"). Under the RLA, Arbitrator Nicolau's written opinion and award (the "Decision and Award") is final and binding on the parties.

The IBT has filed the present suit seeking to vacate that Decision and Award.  But the scope of a federal court's review of a system board's decision under the RLA is one of the narrowest known to law and an award can be vacated only on extremely limited grounds: (a) failure to comply with the requirements of the RLA, (b) lack of jurisdiction on the arbitrator's part, or (c) fraud or corruption by the arbitrator.  45 U.S.C. § 153, First (q).  Pursuant to case law, system board decisions are also subject to review for compliance with law and public policy.  *Nat'l R.R. Passenger Corp. v. Fraternal Order of Police, Lodge 189*, 855 F.3d 335, 338 (D.C. Cir. 2017).  This standard is plainly not satisfied here.

Arbitrator Nicolau had exclusive jurisdiction to interpret the Atlas CBA and resolve disputes regarding its meaning.  In his Decision and Award, Arbitrator Nicolau expressly considered the relevant Atlas CBA provisions, including the triggering provision in Section 1.F.2(ii), and the parties' respective arguments regarding their meaning in rendering his award in favor of Atlas.  He concluded that the triggering events in Section 1.F.2(ii) of the Atlas CBA had occurred, as Atlas decided and communicated there would be a complete operational merger with the affiliated carrier Southern.  As a remedy, he ordered the IBT produce an integrated seniority list ("ISL") within 45 days, which would commence the nine-month period for negotiation of a JCBA and eventual interest arbitration on unresolved bargaining issues if needed.

The IBT's complaint seeks to relitigate Arbitrator Nicolau's Decision and Award.  It claims Atlas somehow waived the Section 1.F.2(ii) merger provision trigger for application of the Atlas CBA's merger procedures and could only rely on a different trigger in Section 1.F.2(i) of the Atlas CBA – an argument already considered and rejected by Arbitrator Nicolau and which is not reviewable in this Court.  The arbitration record demonstrates that this argument is

completely unsupportable, as the grievance broadly alleged a violation of the contractual merger provisions without limiting which triggers were applicable.  Regardless, in the subsequent processing of the grievance, including federal court litigation to compel the IBT to submit the grievance to arbitration before the Atlas System Board, Atlas expressly cited to the Section 1.F.2(ii) trigger as a basis for its grievance.

The IBT also claims that Arbitrator Nicolau's remedy provides insufficient time to produce an ISL and will deprive pilots of the right to a more lengthy seniority integration process set forth in Section 3 and 13 of the Allegheny-Mohawk Labor Protective Provisions as adopted by the federal McCaskill-Bond statute, 49 U.S.C. § 42112, Note 117.  But the Atlas CBA requires that JCBA negotiations commence on a "timely" basis after the operational merger is announced, and Arbitrator Nicolau has considerable discretion under both the Atlas CBA and the RLA to fashion a remedy to enforce this requirement.  Moreover, the IBT's interpretation of McCaskill-Bond is demonstrably wrong.  This statute contains an express provision that allows the IBT to provide an ISL pursuant to its own merger policy without the use of the Allegheny-Mohawk process.  In fact, the IBT went as far as to acknowledge that there was a "shortcut procedure" for an ISL if Atlas were willing to forego the Atlas CBA's process for formulating a JCBA under the Atlas CBA.

Accordingly, and for the reasons stated in the accompanying Memorandum of Law, the IBT has failed to state a claim to vacate the Award and is not entitled to the relief it seeks.  The Complaint and Petition to Vacate the Arbitration Award therefore should be dismissed with prejudice.

Dated: October 11, 2019  
       Washington, D.C.

Respectfully submitted,

By:    /s/ Robert A. Siegel  
    Robert A. Siegel  
    (D.C. Bar #1004474)  
    Rachel S. Janger  
    (D.C. Bar #467142)

O'MELVENY & MYERS LLP  
1625 Eye Street, NW  
Washington, D.C. 20006  
Telephone: (202) 383-5300  
Facsimile: (202) 383-5414  
rsiegel@omm.com  
rjanger@omm.com

*Attorneys for Defendant Atlas Air, Inc.*